UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK A. SCHWANER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-cv-00031 (EGS) |
| | ) |
| DAVID S. CHU, | ) |
| Under Secretary of Defense | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8 and 12(e), Defendant, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's Complaint for failure to set forth a short and plain statement of the claims or grounds for the Court's jurisdiction. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement. Plaintiff's Complaint is so vague and ambiguous as to what he is actually claiming as to deny Defendant the opportunity to frame a responsive pleading.

By filing this motion, Defendant does not waive any defenses that may be available including, but not limited to, the defenses available under Rule 12(b) and failure to exhaust administrative remedies. Due to the Complaint's lack of clarity, Defendant is not in a position to assert all defenses that may be available.

In support of this motion, Defendant relies upon the accompanying memorandum of points and authorities. A proposed Order is attached.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion will be accepted by the Court as true unless the plaintiff

submits his own affidavit or other documentary evidence contradicting the assertions therein.

See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat Defendants' Motion to Dismiss as a Motion for Summary Judgment, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

        Respectfully submitted,


      /s/ Jeffrey A. Taylor
      JEFFREY A. TAYLOR, D.C. BAR # 498610
      United States Attorney


      /s/ Rudolph Contreras
      RUDOLPH CONTRERAS, D.C. BAR # 434122
      Assistant United States Attorney


      /s/ Darrell C. Valdez
      DARRELL C. VALDEZ, D.C. BAR # 420232
      Assistant United States Attorney
      Judiciary Center Building
      555 4th St., N.W., Civil Division
      Washington, D.C.  20530
      (202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK A. SCHWANER )<br>)<br>     **Plaintiff,** )<br>)<br>v. )<br>)<br>DAVID S. CHU, )<br>     Under Secretary of Defense )<br>)<br>     **Defendant.** )<br>_____) | No. 08-cv-00031 (EGS) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(e) Defendant, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff *pro se*'s Complaint for failure to adequately provide notice of his claims. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement.

## I. INTRODUCTION

Plaintiff *pro se*, alleges to be a resident of Newport News, Virginia. Plaintiff alleges that Form E 5 Enclosure 5 in DODI 1344-07 is "illegal, unenforceable, arbitrary capricious is discriminatory and lacks due process (sic)." Plaintiff demands that Form E 5 be removed and any portion relating to the Form be removed from DODI 1344-07. It does not appear that Plaintiff is alleging that he was injured in any way by the use of the form, he does not state how it allegedly violates **his** rights or interests in any way, nor does state how this Court has jurisdiction over this claim or the parties.

Plaintiff's filing is vague and unclear. Defendant is hampered in formulating any

response to the complaint in light of its unfocused nature. Accordingly, Defendant moves that Plaintiff's filing be dismissed for failure to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Alternatively, the Defendant moves that Plaintiff be required to file a more definite statement consistent with rules 10(b) and 12(e).

## II.  ARGUMENT

### A.  The Court Should Dismiss Plaintiff's Complaint Because it Fails to State a Cause of Action or Sufficient Facts to Support a Claim.

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977) (*citing* 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in the federal court contain "a short and plain statement of the claim" setting forth: (1) the grounds upon which the Court's jurisdiction depends, (2) a showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

In addition to the notice pleading requirements of Rule 8(a), Federal Civil Rule 10(b) requires that all "averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of

circumstances.... Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

Even within the liberal *pro se* context, Plaintiff must still comply with the basic requirements of the Federal Rules.  Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (*citing* Haines v. Kerner, 404 U.S. 519, 596 (1972)); see also Brown, 75 F.R.D. at 498 ("The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, [and] prepare an adequate defense").  Where a complainant fails to meet the requirements of the Federal Rules, the complaint may be properly dismissed for wholly failing to state a cause of action.  Tripati v. Williams, 759 F. Supp. 3, 4 (D.D.C. 1990) ("[E]ven a pro se complainant is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.") (*quoting* Brown, 75 F.R.D. at 498).

Rather than comply with the requirements of Federal Civil Rules 8(a) or 10(b) , Plaintiff vaguely alleges something about a Department of Defense form that allows military personnel to comment as to the conduct of insurance agents who solicit business on military bases.  It is unclear as to whose rights he claims are being violated by the use of the form, what specific causes of action he is alleging, or under which statute his claim is asserted.  Indeed, the reader is for the most part forced to draw its own conclusions regarding what claims Plaintiff may be asserting and the bases upon which his claim rest.  Neither Defendant, nor the Court, should be forced to guess what claims are asserted, nor should Defendant risk waiving defenses if it cannot properly guess what claims Plaintiff intends to pursue.

### B. Plaintiff Fails to Set Forth the Grounds Upon Which the Court's Jurisdiction or Venue Depends.

In his complaint, Plaintiff fails to set forth any basis for this Court's subject matter jurisdiction, as well as the proper venue for his claim.[1] "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). See also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). Thus, the inherent sovereign immunity of the United States protects it and its agencies, such as the U.S. Department of Defense, from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992).

Preliminarily, Plaintiff has failed to demonstrate how this Court is the proper venue for a claim involving a Plaintiff who resides in Virginia, and a Federal Defendant (who Plaintiff concedes) is located at the Pentagon.[2] Moreover, there is no *act* nor *injury* alleged to have occurred within the District of Columbia, since all allegations in this action pertain to insurance

---

[1] Plaintiff bears the burden of establishing subject matter jurisdiction, see Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982), as well as the burden of establishing personal jurisdiction over the Defendant. See Dickson v. United States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd 48 F.3d 562 (D.C. Cir. 1995). Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim. A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.

[2] Although Plaintiff mistakenly identifies the Pentagon as being located in the District of Columbia, the Court may take judicial notice that the Pentagon is actually located in the State of Virginia, and therefore outside of this Court's judicial district.

solicitations occurring on military bases outside of the District.

To the extent that Plaintiff is asserting a claim under the Administrative Procedure Act ("APA"), he has failed to demonstrate that he has exhausted his administrative remedies prior to filing this civil action, thereby giving this Court subject matter jurisdiction over his claims. In order to challenge an agency regulation or rule under the APA, a complainant must first petition for the amendment, or repeal of the regulation or rule. 5 U.S.C. § 553(e). The petition must make a specific request for action, and must explain a legal deficiency that amounts to more than a simple expression of general dissatisfaction with the rule. National Wrestling Coaches Association v. Department of Education, 366 F.3d 930, 948-49 (D.C. Cir. 2004). Plaintiff fails to set forth that he has satisfied this requirement prior to filing, and, accordingly, has failed to demonstrate the Court's jurisdiction over the subject matter of an APA claim.

    **C.**    **Alternatively, the Court Should Order Plaintiff to Provide Defendant With a More Definite Statement of His Complaint.**

Alternatively, Plaintiff should be required to provide a more definite statement relating to such claim. Federal Rule of Civil Procedure 12(e) provides that a court may order a plaintiff to provide a more definite statement concerning a pleading where that pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." This procedure is particularly appropriate in a case, such as this one, where the Defendant expects to raise threshold defenses that may dispose of the action, but is unable to do so because of ambiguities or a lack of detail in the complaint. See 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1376, at 595 (2d ed. 1990) ("Wright and Miller"), *citing, e.g.*, Rose v. Kinevan, 115 F.R.D. 250 (D. Colo. 1987); Oresman v. G.D. Searle & Co.,

321 F.Supp. 449 (D.R.I. 1971).  Use of the motion for a more definite statement in this context promotes one of the fundamental goals of the Federal Rules, which is the speedy adjudication of cases.  See 5A Wright and Miller, at 595.

Because, as pointed out above, Plaintiff's only possible claim appears to fall under the APA, and because plaintiff has not alleged any facts that inform the parties and the Court that he has exhausted his administrative remedies, or otherwise demonstrated proper venue in the District of Columbia, a more definite statement is appropriate.   At a minimum, Plaintiff should have to identify of what particular actions he is raising and how this Court has jurisdiction over the claim.  This is particularly appropriate in this case because defendant expects that it may move initially to dismiss in its entirety based on such claims, but is currently unable to do so with any degree of certainty concerning the precise nature of Plaintiff's claims.

Accordingly, Defendant  respectfully requests that Plaintiff be required to a more definite statement containing numbered paragraphs, and a short and plain statement, which provides the following details:

> (1) The statutory basis of Plaintiff's claim, including the specific laws and/or regulations that allegedly have been violated?
>
> (2) How venue is found in the District of Columbia;
>
> (3)  The actions taken by Plaintiff to exhaust his administrative remedies;
>
> (3)  What injury-in-fact was suffered by Plaintiff for which he seeks redress;

Additionally, Defendant requests that the Court order that Plaintiff answer these questions by a date certain, and warn Plaintiff that, pursuant to Fed. R. Civ. P. 12(e), the Court may dismiss his Complaint for failing  to respond by that date.  Finally, should Plaintiff respond, Defendant

requests forty-five days following service of Plaintiff's response to file an answer or other appropriate response to Plaintiff's allegations.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint because it fails to meet the minimum standard of notice pleadings.  In the alternative, Defendant respectfully moves this Court for an order requiring Plaintiff to file an amended complaint that provides a more definite statement of her claims.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of March, 2008, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Jack A. Schwaner
1 Great Oak Circle
B-44
Newport, VA 23606

                              /s/ Darrell C. Valdez
                              DARRELL C. VALDEZ, D.C. BAR # 420232
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK A. SCHWANER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 08-cv-00031 (EGS) |
| | ) |
| DAVID S. CHU, | ) |
| Under Secretary of Defense | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement. Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2008, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is further

**ORDERED** that the Complaint is dismissed.

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE